# EXHIBIT E

COMMONWEALTH OF KENTUCKY
KENTUCKY BOARD OF COSMETOLOGY
ADMINISTRATIVE ACTION

**KENTUCKY BOARD OF COSMETOLOGY**                                **PETITIONER**

v.

**TIPPI NAIL LOUNGE (Lic. #800000399) &**
**QUOC DINH (Lic. #505337)**                                     **RESPONDENTS**

### EMERGENCY ORDER

On the bases described herein, the Board issues this emergency order SUSPENDING the following licenses to practice in the Commonwealth of Kentucky: Tippi Nail Lounge, License # 800000399; and Quoc Dinh (salon owner and manager), License #505337. The Respondents are hereby ordered to immediately cease and desist the operation of Tippi Nail Lounge, or any other business covered under Board authority. The Respondent is also ordered to immediately cease and desist the individual practice covered under the personal license.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 18, 2023, an inspection of Respondent salon was conducted, but not completed due to actions of the salon owner. During this inspection, multiple violations were identified, including the following: **[1]** an unlicensed employee providing services in violation of KRS 317A.020(2) & (3); **[2]** aiding and abetting the unlicensed practice of nail technology, on the part of Respondent salon owner and manager, on behalf of the unlicensed employee, in violation of KRS 317A.020(4) and 201 KAR 12:060, Section 3(3); **[3]** unprofessional conduct, for providing services through unlicensed persons, in violation of 201 KAR 12:060, Section 3(3); **[4]** providing unlicensed services/operating an unlicensed eyelash artistry facility, in violation of KRS 317A.020(2), (3), (4), and (6), 201 KAR 12:030, Section 14, and 201 KAR 12:290; **[5]** providing

unlicensed services/operating an unlicensed waxing facility, in violation of KRS 317A.020(2), (3), (4), and (6), and 201 KAR 12:030, Section 14; **[6]** keeping on the premises a dangerous animal (dog) and failing to properly restrain the animal, which attacked and injured a Board Inspector, violating KRS 317A.140(1)(b), (e), (f), (h), 201 KAR 12:060, Section 2(1) & (2), 201 KAR 12:060, Section 3(2) & (4)(a) & (b), 201 KAR 12:100, Section 2, and 201 KAR 12:230, Section 1(1), (3), and (7); **[7]** re-use of single-use items (e.g., emery boards, block buffers) in violation of 201 KAR 12:100, Section 10; **[8]** failure to clean implements and drill bits, in violation of 201 KAR 12:100, Sections 3 & 7; **[9]** chemicals stored and labeled improperly, in violation of 201 KAR 12:100, Section 4; **[10]** failure to properly clean/store linens or towels, in violation of 201 KAR 12:100, Section 15; **[11]** failure to properly label and store implements, in violation of 201 KAR 12:100, Section 3; **[12]** failure to post salon license, in violation of 201 KAR 12:060, Section 1(1)(b); **[13]** failure to post pictures with personal licenses, in violation of 201 KAR 12:060, Section(1)(a); **[14]** failure to post most recent inspection form, in violation of 201 KAR 12:060, Section 1(5).

Pursuant to 201 KAR 12:060, Section 2(6), both the owner and manager of Respondent salon are responsible for compliance with KRS Chapter 317A and 201 KAR Chapter 12. These violations constitute an immediate danger to the public health, safety, and welfare under KRS 317A.020(8) and, combined with documentation of said violations, form the basis for the Board action as outlined herein.

The Respondents have been served the inspection and investigation reports previously and in conjunction with this emergency order. Pursuant to applicable law, the Respondents have ten (10) days to respond to the allegations described in the inspection report, investigation report, and this emergency order. This matter will be considered by the Board at its next regularly scheduled

2

meeting, where additional discipline may be imposed. In addition, pursuant to KRS 317A.020 and KRS 13B.125(3), Respondents may request an emergency hearing concerning this order from the Board involving the emergency closure Respondent salon.

This suspension of licenses may, pursuant to KRS 317A.070, be appealed under KRS Chapter 13B. Any request of appeal must be made in writing and must arrive at the Board within thirty (30) days of receipt of this order.

So ordered this 24th day of May 2023.

JULIE M. CAMPBELL
EXECUTIVE DIRECTOR

## Certificate of Service

Under 201 KAR 12:190 and KRS Chapter 13B, I hereby certify that a true and correct copy of this pleading was sent to the following via email:

Quoc Dinh
Owner & Manager
Tippi Nail Lounge
3938 Shelbyville Road
Louisville, KY 40207
*louquoc@yahoo.com*

Date: May 24, 2023

_____
*Executive Director*